## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

---

| | | |
|---|---|---|
| **VERA SATANKOVA** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Civil Action No. PWG-13-2686** |
| | ) | |
| **POTOMAC TIMBER INVESTMENTS, LLC** | ) | |
| | ) | |
| **Defendant.** | ) | |

---

### REPORT AND RECOMMENDATION

This Report and Recommendation addresses Plaintiff Vera Satankova ("Dr. Satankova")'s Motion for Default Judgment. ECF No. 6.[1] Defendant Potomac Timber Investments, LLC ("PTI") has not filed a response and the deadline for the response elapsed on December 2, 2013. *See* Loc. R. 105.2.a. Having reviewed the filings, no hearing is deemed necessary. *See* Loc. R. 105.6. For the reasons stated herein, the undersigned recommends that, following the time to object to this Report and Recommendation, Plaintiff's Motion for Default Judgment be GRANTED.

## I.    FACTUAL AND PROCEDURAL HISTORY

Plaintiff Dr. Satankova is an individual residing in California. ECF No. 1 ¶ 1. Defendant "PTI is a Maryland Limited Liability Company organized under the laws of Maryland with its principal place of business located at 7475 Wisconsin Avenue, Suite 700, Bethesda, Maryland 20814." *Id.* ¶ 2. Based upon information and belief, H. Kenneth Fleishman ("Mr. Fleishman") is the sole and managing member of PTI. Mr. Fleishman resides in Potomac, Maryland. *Id.*

---

[1] On February 7, 2014, pursuant to 28 U.S.C. § 636 and Local Rules 301 and 302, Judge Grimm referred this case to the undersigned to review Plaintiff's Motion for Default Judgment and/or to make recommendation concerning damages. ECF No. 8.

On September 13, 2013 Dr. Satankova filed a Complaint.  Dr. Satankova alleges entering into a series of loan transactions with PTI through its principal Mr. Fleishman.  Dr. Satankova loaned money to PTI for the purchase and development of land.  ECF No. 1 ¶ 5.  On September 15, 2007 Mr. Fleishman, as the managing member of PTI and personally, executed a promissory note whereby Mr. Fleishman acknowledged receiving from Dr. Satankova, the Payee, Four Hundred Thousand Dollars ($400,000.00).  *Id.* ¶ 6.  Mr. Fleishman, as the managing member of PTI and personally, unconditionally promised to pay to Dr. Satankova the principal sum of $400,000.00 with interest.  *See* ECF 1-1 ¶ 1(a) (September 15, 2007 Promissory Note).  Pursuant to the terms of the promissory note, PTI had until September 15, 2010 to pay fully the entire principal balance plus interest.  ECF No. 1 ¶ 7.  Per the terms of the promissory note, the failure of PTI and Mr. Fleishman to pay any amount due constitutes an event of default.  ECF No. 1-1 ¶ 4.  Dr. Satankova attempted to collect payment of the promissory note on multiple occasions without success.  PTI ceased communicating with Dr. Satankova.  ECF No. 1 ¶ 10.

This Court's jurisdiction is based on diversity of citizenship pursuant to 28 U.S.C. § 1332.  Dr. Satankova resides in California.  Defendant PTI is organized under the laws of Maryland with its principal place of business in Bethesda, Maryland.  The amount in controversy exceeds $75,000.00, exclusive of interest and costs.  Pursuant to 28 U.S.C. § 1391 venue is proper in this district because a substantial part of the events or omissions giving rise to the claim occurred in this district, *i.e.,* the transaction occurred in Montgomery County, Maryland.

Defendant PTI was served a "Summons in a Civil Action" on October 9, 2013, *see* ECF No. 3, such that PTI's Answer was due October 30, 2013.  *See* Fed. R. Civ. P. 12(a)(1)(A)(i). PTI has not filed an Answer or otherwise responded to the Complaint.  On November 1, 2013 Dr. Satankova moved for Clerk's Entry of Default for want of answer or other defense against

PTI.  *See* ECF No. 4.  Three days later the Clerk of Court entered an Order of Default against

PTI.  *See* ECF No. 5.  On November 12, 2013 Dr. Satankova moved for a default judgment

against PTI.  The deadline for PTI to file a response elapsed on December 2, 2013 without PTI

submitting a response or opposition.  On February 7, 2014 Judge Grimm referred the case to the

undersigned for a Report and Recommendation on Plaintiff's Motion for Default Judgment.  *See*

ECF No. 8.

The September 15, 2007 Promissory Note executed by Mr. Fleishman includes the

following pertinent provisions:

> **FOR     VALUE     RECEIVED,     Potomac     Timber
> Investments, LLC**, a Maryland limited liability company and H.
> Kenneth Fleishman ("Maker"), hereby unconditionally promises to
> pay to the order of Vera Satankova ("Payee"), at the Payee's
> address as set forth in the Company's records, or at such other
> place as Payee or any holder hereof may from time to time
> designate in writing, the principal sum of FOUR HUNDRED
> THOUSAND DOLLARS ($400,000.00), in lawful money of the
> United States of America with interest thereon to be computed
> from the date of this Note at the Applicable Interest Rate (defined
> below).

> **1.     Payment Terms.**  Maker shall pay the principal of
> and interest on this Promissory Note (this "Note") in installments
> as follows:

> (a) A payment of interest only at the Applicable
> Interest Rate on the then unpaid principal balance of this Note (the
> "Monthly Payment") shall be paid on the fifteenth (15th) day of
> October, 2007, and on the fifteenth (15th) day of each calendar
> month thereafter up to and including the fifteenth (15th) day of
> September, 2010; and

> (b) If not paid in full prior to such time, the then
> outstanding principal balance of this Note plus accrued but unpaid
> interest, if any, at the Applicable Interest Rate on the unpaid
> principal balance of this Note shall be paid on the fourth (2nd)
> annual anniversary date of this Note (the "Maturity Date").

3

**2.** **Interest Rate.** The term "Applicable Interest Rate" shall mean a rate equal to fifteen percent (12.5%)[2] per annum with no compounding. Interest on the outstanding principal sum of this Note shall be calculated by multiplying the actual number of days elapsed in the period for which interest is being calculated by a daily rate based on a 360-day year.

**3.** **Late Charge.** If any Monthly Payments, including the payment of the principal balance on the Maturity Date, is not timely made, Maker shall also pay to Payee a one-time, non-cumulative late charge equal to five percent (5.0%) of each such payment past due for ten (10) or more days ("Late Charge").

Acceptance by Payee of any late payment without an accompanying Late Charge shall not be deemed a waiver of Payee's right to collect such Late Charge or to collect a Late Charge for any subsequent late payment received.

**4.** **Events of Default.** The occurrence of any one or more of the following events shall constitute an event of default under this Note (each, individually, an "Event of Default");

(a) the failure of Maker to pay any amount due under this Note;

\*                    \*                    \*

**9.** **Attorneys' Fees.** In the event that it should become necessary to employ counsel to collect the debt or to protect or foreclose the security thereof, Maker also agrees to pay all reasonable attorneys' fees for the services of such counsel whether or not suit be brought, together with all other costs of collection and enforcement.

ECF No. 1-1 at 2-3, 4.

## II.   DISCUSSION

Federal Rule of Civil Procedure 55(b) governs the entry of default judgments. Pursuant to Rule 55(b), the clerk may enter a default judgment "[i]f the plaintiff's claim is for a sum

---

[2] Discrepancy between the Applicable Interest Rate in word style ("fifteen percent") and in figure style ("12.5%") appears in the original. *See* ECF No. 1-1 ¶ 2.

certain or a sum that can be made certain by computation," and the defendant is in default for failing to appear and is "neither a minor nor an incompetent person."  Fed. R. Civ. P. 55(b)(1).

The entry of default judgment is a matter within the discretion of the Court.  *SEC v. Lawbaugh*, 359 F. Supp. 2d 418, 421 (D. Md. 2005) (citing *Dow v. Jones*, 232 F. Supp. 2d 491, 494 (D. Md. 2002)).  As the Court noted in *Disney Enterprises, Inc. v. Delane*, 446 F. Supp. 2d 402 (D. Md. 2006), "[t]he United States Court of Appeals for the Fourth Circuit has a 'strong policy that cases be decided on the merits.'"  *Id.* at 405 (quoting *United States v. Shaffer Equip. Co.*, 11 F.3d 450, 453 (4th Cir. 1993)).  Nonetheless, "default judgment is available when the 'adversary process has been halted because of an essentially unresponsive party.'"  *Id.* (quoting *Lawbaugh*, 359 F. Supp. 2d at 421).

In determining whether to award a default judgment, the Court takes as true the well-pleaded factual allegations in the complaint, other than those pertaining to damages.  *Ryan v. Homecomings Fin. Network*, 253 F.3d 778, 780 (4th Cir. 2001) ("The defendant, by his default, admits the plaintiff's well-pleaded allegations of fact, is concluded on those facts by the judgment, and is barred from contesting on appeal the facts thus established." (citation and internal quotation marks omitted)); *see* Fed. R. Civ. P. 8(b)(6) ("An allegation—other than one relating to the amount of damages—is admitted if a responsive pleading is required and the allegation is not denied.").  It remains, however, "for the court to determine whether these unchallenged factual allegations constitute a legitimate cause of action."  *Agora Fin., LLC v. Samler*, 725 F. Supp. 2d 491, 494 (D. Md. 2010); 10A Charles Alan Wright et al., *Fed. Prac. and Proc. Civ.* § 2688 (3d ed. 1998) ("[L]iability is not deemed established simply because of the default . . . and the court, in its discretion, may require some proof of the facts that must be established in order to determine liability."); *id.* (explaining that the court must "consider

5

whether the unchallenged facts constitute a legitimate cause of action, since a party in default does not admit mere conclusions of law").

If the Court finds that "liability is established, [it] must then determine the appropriate amount of damages." *Samler*, 725 F. Supp. 2d at 494 (citing *Ryan*, 253 F.3d at 780-81). This is so because "an allegation 'relating to the amount of damages' is not deemed admitted based on a defendant's failure to deny in a required responsive pleading." *Hartford Fin. Servs. Grp. Inc. v. Carl J. Meil, Jr., Inc.*, No. WDQ-10-2720, 2011 WL 1743177, at *7 (D. Md. May 5, 2011) (quoting Fed. R. Civ. P. 8(b)(6)); *Trs. of the Elec. Welfare Trust Fund v. MH Passa Elec. Contracting, LLC*, No. DKC-08-2805, 2009 WL 2982951, at *1 (D. Md. Sept. 14, 2009) ("Upon default, the well-pled allegations in a complaint as to liability are taken as true, although the allegations as to damages are not."); *Int'l Painters & Allied Trades Indus. Pension Fund v. Metro Glass & Mirror, Inc.*, No. ELH-11-2389, 2012 WL 893262, at *2 (D. Md. Mar. 14, 2012) ("The court does not accept factual allegations regarding damages as true, but rather must make an independent determination regarding such allegations.")

In sum, the Court must make two determinations. First, the Court must decide "whether the unchallenged facts in plaintiff['s] complaint constitute a legitimate cause of action[.]" *Samler*, 725 F. Supp. 2d at 494. Second, if the Court finds that liability is established, it must "make an independent determination regarding the appropriate amount of damages." *Id.*

A.    **Liability**

Approximately eight months have passed since PTI was served with the Complaint, yet PTI has not pleaded or otherwise asserted a defense by filing an Answer. As a result, all of the factual allegations made in Dr. Satankova's Complaint not pertaining to damages are deemed admitted. Fed. R. Civ. P. 8(b)(6); *Ryan*, 253 F.3d at 780. Dr. Satankova moved for a default

judgment on November 12, 2013, and PTI has not responded.  It is within the Court's discretion to grant default judgment when a defendant is unresponsive.  *See Park Corp. v. Lexington Ins. Co.*, 812 F.2d 894, 897 (4th Cir. 1987) (upholding a default judgment awarded where the defendant lost its summons and did not respond within the proper period); *Disney Enterprises*, 446 F. Supp. 2d at 405-06 (finding appropriate the entry of default judgment where the defendant had been properly served with the complaint and did not respond, despite repeated attempts to contact him).  Accordingly, the Court should grant default judgment on this Complaint if Dr. Satankova has established PTI's liability.

That accepting as true Dr. Satankova's well-pleaded allegations (with supporting documentation provided by the September 15, 2007 Promissory Note, the motion for default judgment and the declaration of Dr. Satankova), the undersigned finds Dr. Satankova has proven the following:

(a)  Dr. Satankova loaned PTI and Mr. Fleishman $400,000.00 as memorialized by the September 15, 2007 Promissory Note;

(b) PTI failed to pay the promissory note in accordance with the terms and therefore PTI defaulted on the promissory note;

(c)  September 15, 2010 was the maturity date of the promissory note and PTI failed to pay the principal and interest due by this deadline; and

(d)  Dr. Satankova attempted repeatedly to collect the amount owed by PTI to no avail.  PTI ceased all communications with Dr. Satankova.

Accordingly, Dr. Satankova has established PTI's liability pursuant to the September 15, 2007 Promissory Note and therefore a default judgment as to the breach of contract outlined in Dr. Satankova's Complaint is proper.

## B.    Damages

In support of the claim for damages Dr. Satankova has submitted a declaration as well as a declaration from counsel.  Dr. Satankova seeks compensatory damages in the amount of Four Hundred and Eighty Thousand, Six Hundred and Sixty-Six Dollars and Ninety Cents ($480,666.90).

> The amount includes: (1) principal balance of the Agreement in the amount of Four Hundred Thousand Dollars ($400,000); (2) unpaid interest in the amount of Fifty-Seven Thousand, Seven Hundred and Seventy-Eight Dollars ($57,778); and (3) the Late Charge of Twenty-Two Thousand, Eight Hundred and Eighty-Eight Dollars and Ninety Cents ($22,888.90).

ECF No. 6-1 ¶ 2-3 (Satankova Decl. ¶ 5).  The undersigned recommends the Court award Dr. Satankova $400,000.00 as the unpaid principal amount and $22,888.90 as the late charge.  Provided Dr. Satankova supplements the record explaining the computation of interest, *i.e.,* 12.5% or 15% and why which rate is deemed the controlling Applicable Interest Rate despite inconsistency between the word style (fifteen percent) and the figure style (12.5%), the undersigned recommends the Court award Dr. Satankova interest in the amount of $57,778.00.

Dr. Satankova has incurred legal fees in attempting to enforce and collect the amount owed by PTI.  To date Dr. Satankova has incurred Two Thousand, One Hundred and Sixty-Two Dollars and Fifty Cents ($2,162.50) in attorneys' fees and Four Hundred and Eighty-Five Dollars and Twelve Cents ($485.12) in expenses.  *See* ECF No. 6-1 at 3 (Satankova Decl. ¶ 7); ECF No. 6-2 at 3 (Herbst Decl. ¶¶ 5-6).

The undersigned has reviewed the hourly rates charged by Daniel Z. Herbst and the law firm of Reed Smith LLP.  Although the hourly rates charged exceed the guidelines listed in Appendix B of this Court's Local Rules, the undersigned notes the hourly rates are *guidelines* and the rates charged by Mr. Herbst and the law firm of Reed Smith LLP based in the District of

Columbia are reasonable.  Furthermore, upon reviewing the expenses associated with collecting and enforcing the promissory note, *i.e.,* filing fee, copying and postage, and service of complaint, the undersigned finds the expenses incurred are necessary and reasonable.  The undersigned recommends the Court award Dr. Satankova $2,162.50 in attorneys' fees and $485.12 as reasonable and necessary expenses associated with the collection and enforcement of the promissory note.

## RECOMMENDATIONS

The undersigned summarizes the recommendations as follows:

(a) The Court grant Plaintiff's Motion for Default Judgment (ECF No. 6);

(b) The Court award Plaintiff $400,000.00 as the unpaid principal amount owed by Defendant PTI;

(c) The Court award Plaintiff $57,778.00 as unpaid interest owed by Defendant PTI, subject to Plaintiff supplementing the record with competent evidence as to the controlling "Applicable Interest Rate" as noted *supra*;

(d) The Court award Plaintiff $22,888.90 as the late charge owed by Defendant PTI;

(e) The Court award Plaintiff $2,162.50 as reasonable attorneys' fees;

(f) The Court award Plaintiff $485.12 as reasonable and necessary expenses incurred in enforcing and collecting the promissory note;

(g) The Court direct post-judgment interest, calculated in accordance with 28 U.S.C. § 1961, continue to accrue on the judgment until satisfied by Defendant PTI; and

(h) The Court grant any other and further relief as it deems appropriate.

May 29, 2014                              _____/s/_____
                                          WILLIAM CONNELLY
                                          UNITED STATES MAGISTRATE JUDGE