IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
*Southern Division*

|  |  |
|---|---|
| VERA SATANKOVA | * |
| Plaintiff, | * |
| v. | * |
|  | *   Case No.: PWG-13-2686 |
| POTOMAC TIMBER INVESTMENTS, LLC | * |
| Defendant. | * |
|  | * |

\* \* \* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM AND ORDER

On June 25, 2014, I issued an Order adopting the Report and Recommendation (the "R&R") of Chief Magistrate Judge William Connelly to grant Plaintiff Vera Satankova's Motion for Default Judgment, ECF No. 6. Order, ECF No. 11. In his Report and Recommendation, Judge Connelly noted a patent ambiguity in the terms of the promissory note on which this action is based: the "Applicable Interest Rate" in the note is defined as "a rate equal to fifteen percent (12.5%) per annum with no compounding." R&R 4, ECF No. 9. However, because Plaintiff had submitted a declaration averring that the amount of unpaid interest due on the note was $57,778, Satankova Decl. ¶ 5, ECF No. 6-1, Judge Connelly recommended that amount be awarded to Satankova, provided that she explain how interest should be calculated in light of the ambiguity in the note. R&R 8. I adopted that recommendation and awarded Satankova $57,778 in unpaid interest, subject to her supplementing the record with evidence as to the proper applicable interest rate. Order ¶ 1.c.

Satankova now has filed a Supplemental Declaration of Vera Satankova in response to my earlier Order. Supp. Satankova Decl. ECF No. 12-1. In her Supplemental Declaration, Satankova offers no explanation as to what the proper interest rate is, but asserts that it is 12.5%, rather than 15%. *Id.* ¶ 5. Because she seeks to construe the note's ambiguity in Defendant's favor, I find that no additional explanation is necessary, and the proper interest rate is 12.5% per annum.

But whereas both the Complaint and the Motion for Default Judgment sought only $57,778 in unpaid interest, *see* Compl. 3, ECF No. 1 (seeking total of $480,666 in damages); Satankova Decl. ¶ 5, Satankova's Supplemental Declaration asserts, summarily, that she is entitled to $158,346 in unpaid interest—more than twice the amount that she previously had sought and that was awarded in my earlier Order. Simply put, Satankova was ordered to clarify an ambiguity in the record before the Court; she was not solicited to seek new or additional damages that had accrued since I issued my Order. She has made an adequate showing that the $57,778 already awarded in unpaid interest was calculated using the proper applicable interest rate, but she has not shown that she is entitled to anything more.

For these reasons, it is this 3rd day of October, 2014, by the United States District Court for the District of Maryland, ORDERED that:

A) Plaintiff Vera Satankova adequately has supplemented the record to show why she should be awarded $57,778 in unpaid interest, as required by my prior Order;

B) To the extent that Plaintiff seeks additional unpaid interest, that request is DENIED without prejudice;

C) Should Plaintiff believe that she is entitled to additional unpaid, prejudgment interest, she MAY FILE a motion seeking such interest within twenty-one (21) days of this

order. Any such motion shall include a detailed accounting of the amounts due and legal support as to why they should be awarded despite having not appeared in her earlier filings; and

D) In the event that no additional motions are filed within twenty-one days of this Order, the Clerk SHALL CLOSE this case.

/S/
Paul W. Grimm
United States District Judge

dsy